COMMONWEALTH *vs.* MANUEL RAPOZA.

Bristol.    October 26, 1931. — November 30, 1931.

Present: RUGG, C.J., CROSBY, CARROLL, SANDERSON, & FIELD, JJ.

*Milk.*

At the trial of a complaint under G. L. c. 94, § 19, charging the defendant with having in his possession, with intent to sell as pure milk, milk from which a portion of the cream had been removed, there was evidence that the defendant had the milk in his possession for sale; that a chemical analysis of the milk showed a higher percentage of proteins than of fats; that in milk from which cream had been removed the percentage of proteins is always higher than the percentage of

fats; and that in normal milk the percentage of fats always exceeds the percentage of proteins. *Held,* that a verdict of guilty was warranted. G. L. c. 94, § 37, has no application to said § 19, and the complaint above described was not barred by the fact that the defendant had not received a notice under § 37.

COMPLAINT, received and sworn to in the Third District Court of Bristol on October 8, 1930, and described in the opinion.

On appeal to the Superior Court, the complaint was heard by *Fosdick,* J., the defendant having waived a trial by jury. Material evidence is stated in the opinion. It was agreed that no notice was given to the defendant under the provisions of G. L. c. 94, § 37. The judge refused to rule that the complaint would not lie because the defendant had not received such notice. The defendant was found guilty and alleged exceptions.

*L. W. Jenney,* (*J. B. Nunes* with him,) for the defendant.

*E. J. Harrington,* Assistant District Attorney, for the Commonwealth.

CROSBY, J. Under a complaint duly issued the defendant was charged with having in his possession, on September 22, 1930, "with intent to sell as pure milk one half pint of milk from which a portion of the cream had been and was there and then removed." It was agreed at the trial that the defendant was a dairy farmer selling milk only at wholesale to a dealer; that on September 22 he had on his farm two full forty-quart cans of milk, and one twenty-quart can containing about ten quarts of milk, all produced by him and intended for sale to his dealer; that on that day an inspector of the State department of public health took a sample from each of the cans.

At the trial a chemist called by the Commonwealth testified that a sample of milk taken from the twenty-quart can was below the legal standard for fats and solids in this Commonwealth, the other two samples being satisfactory; he further testified that the analysis of the sample taken from the smaller can showed a higher percentage of proteins than of fats, which indicated in his opinion that cream had been removed; that in milk from which cream

had been removed the percentage of proteins is always higher than the percentage of fats; that in normal milk the percentage of fats always exceeds the percentage of proteins. The Commonwealth offered no evidence in support of the complaint except the chemical analysis above recited and attending circumstances from which inferences might be drawn. The defendant and his wife testified that no cream was removed from the small can. The statute (G. L. c. 94, § 19) under which the complaint was drawn, provides, in part, as follows: "No person himself or by his servant or agent shall sell, exchange or deliver or have in his custody or possession with intent so to do, or expose or offer for sale or exchange, . . . milk from which the cream or a part thereof has been removed . . . ." This section also provides a penalty for its violation. At the close of the evidence the defendant requested the trial judge to rule that under G. L. c. 94, § 37, the complaint would not lie against him, as he had not been given the notice provided for in that section. The judge refused so to rule and found the defendant guilty, to which refusal the defendant excepted.

The expert evidence offered by the Commonwealth, if believed, amply warranted the judge in finding the defendant guilty of the offence charged. In *Commonwealth* v. *Phelps*, 210 Mass. 109, the defendant, as here, was charged with having in his possession, with intent to sell, milk from which the cream or a part thereof had been removed. It was held that upon the evidence, which was similar to that here presented, a verdict of guilty was warranted. The case at bar cannot be distinguished in principle from that case but is governed by it.

It is the contention of the defendant that he cannot properly be convicted because he did not receive the notice required by G. L. c. 94, § 37, which provides in part that "No producer of milk shall be liable to prosecution for the reason that the milk produced by him is not of good standard quality . . . unless he shall fail to bring the milk produced by him to the legal standard for milk solids and milk fat within twenty days after written notice that it is

below said standard has been sent to him by the officer taking said sample . . . ." The offence charged in the present case is not the failure to produce milk of standard quality but the removal of cream therefrom. The case of *Commonwealth* v. *Titcomb*, 229 Mass. 14, charged the defendant with a violation of R. L. c. 56, §§ 57 and 62, as amended by St. 1910, c. 641, §§ 1 and 2, now embodied in part in G. L. c. 94, § 37. It is apparent that § 37 refers to an entirely distinct and different offence from that set forth in § 19 of the same chapter. The purpose of the notice in § 37 was to give the producer whose milk was not of standard quality an opportunity of bringing the milk produced by him up to the required standard before rendering him liable to prosecution. Section 37, relating to the production of milk of standard quality and which requires a written notice to be given if the milk is below such standard, does not apply to a case where milk has been watered or where the cream has been removed. A difference is recognized between milk naturally deficient and milk made so by dilution. *Commonwealth* v. *Titcomb*, 229 Mass. 14, 16. *St. John* v. *New York*, 201 U. S. 633, 637. It is obvious that § 37 has no application to § 19 which refers to a case where milk has been tampered with by adding water or any foreign substance, or from which cream has been removed.

*Exceptions overruled.*